IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JANET L. LONG et al                                                      PLAINTIFFS

Vs.                  CASE NO. 3:07cv00161 JLH

LAUREN E. ZAVELLI                                         DEFENDANT

<u>ORDER</u>

This case is set for a settlement conference **Tuesday, February 17, 2009**, **at 9:30 a.m.**, in Room 1B, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas, before Magistrate Judge Jerry W. Cavaneau.

THE PARTIES OR REPRESENTATIVES WITH FULL SETTLEMENT AUTHORITY (OTHER THAN COUNSEL) ARE DIRECTED TO BE PRESENT FOR THE CONFERENCE. My Courtroom Deputy has called counsel to make sure the above date is acceptable to all parties. Therefore, we trust no party or representative has a conflict with the setting and non-appearance by a party or representative may result in sanctions. It is impossible for a party or representative who is not present to fully appreciate the process and the reasons that may justify a change in one's perspective towards settlement.

**Under General Order No. 54, counsel are authorized to bring electronic devices to the courthouse for this proceeding. They will be required to present a copy of this scheduling order upon entry into the building to verify this authorization**.

For this settlement conference to be as productive as possible, I am requesting each of you to provide the Court with a confidential letter (<u>not</u> to be exchanged with opposing counsel or filed with the Clerk's office). The Court will <u>not</u> disclose anything contained in this confidential letter to opposing counsel before, during, or after the settlement conference, unless expressly authorized to do so.

Each party's confidential letter should candidly discuss the following issues:

(1) The current status of settlement negotiations, including the history of demands and offers and the most recent settlement demand and settlement offer that has been exchanged between counsel.

(2) Each side's current realistic assessment of the actual range within which this case should be settled, including a breakdown of the dollar settlement value that should be assigned to each element of Plaintiffs' damages.

(3) Each side should identify the major obstacles to reaching settlement; discuss how each of these obstacles impacts settlement; and, set forth its best ideas on how each of these obstacles can be overcome.

(4) Defense counsel should identify and explain all legal issues that may bar Plaintiffs' from recovering on their claim.

(5) Plaintiffs' counsel should identify and explain why Defendant's primary defenses to Plaintiffs' claim will fail.

(6) Plaintiffs' counsel must present an itemized compilation of pecuniary damages which counsel will assert are the proximate result of the accident. This should include elements such as any additional lost wages; medical expenses, present and future; and loss of future earning capacity if any, etc.

In order for me to prepare for the February 17, 2009, settlement conference, please send your confidential letter to me, via facsimile (501.604.5207) or by mail, no later than 12 noon, on **Thursday, February 12, 2009**.

The Court will use a mediation format with an opening joint session followed by private caucusing by the Court with each side. No evidence of settlement discussion will be admissible at trial or disclosed to the trial judge or his staff.

IT IS SO ORDERED this 14th day of January 2009.

_____
UNITED STATES MAGISTRATE JUDGE